IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **EARL HANCOCK, as Executor of the Estate of Carol Cleo Hancock, Deceased,** | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 7:06-CV-25 (HL) |
| **ECOLAB, Inc.; ESTEBAN RUIZ; and GELCO Corporation,** | : : : | |
| Defendants. | : : | |

## ORDER

This case was filed on March 13, 2006. Consistent with the practices of this Court, the Complaint was subjected to an initial review. Following review of the Complaint, the Court directs Plaintiff to amend his Complaint consistent with the following:

Plaintiff, Earl Hancock, as Executor of the Estate of Carol Cleo Hancock, filed a Complaint in this Court against Defendants ECOLAB, GELCO Corp. and Esteban Ruiz. Plaintiff seeks damages in excess of 1,000,000.00. Plaintiff alleges that jurisdiction is appropriate in this Court pursuant to the diversity jurisdiction provisions of 28 U.S.C.A. § 1332(a)(1) and (c).

District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and in which the controversy is between citizens of different states. 28 U.S.C.A. § 1332(a)(1). For purposes of 28 U.S.C.A. § 1332, a corporation is

deemed to be a citizen of any state in which it has been incorporated *and* the state where it has its one principal place of business. 28 U.S.C.A. § 1332(c)(1). Thus, pursuant to 28 U.S.C.A. § 1332, a corporation may be deemed to be a citizen of more than one state.

Because federal courts are courts of limited jurisdiction, "they have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). In examining the jurisdictional allegations of Plaintiff's Complaint, the Court finds the allegations are not complete. The Complaint fails to identify the complete citizenship of Defendants ECOLAB, Inc. and GELCO Corporation. As a result, this Court is unable to ascertain whether complete diversity of citizenship exists.

Plaintiff's Complaint states that Defendant ECOLAB, Inc. is a foreign corporation and a citizen of the States of Minnesota and Delaware. (Compl. ¶ 2.) Plaintiff's Complaint then states that Defendant GELCO Corporation is a foreign corporation and a citizen of the States of Minnesota and Delaware. (Compl. ¶ 4.) Both of these allegations of citizenship are incomplete. Plaintiff must specifically identify the States where the Defendant corporations are incorporated and, as to each corporate Defendant, identify the one state where it has its principal place of business. 28 U.S.C.A. § 1332(c)(1). Without this, the Court cannot ascertain the exact citizenship of the corporate Defendants and, therefore, cannot determine if there is complete diversity.

Plaintiff's Complaint alleges he is a citizen of Georgia. If either corporate Defendant is incorporated in Georgia, diversity between the parties would be destroyed and this Court would not have jurisdiction to hear the case. *See, e.g.,* Ware v. Jolly Roger Rides, Inc., 857

F. Supp. 462, 463-64 (D. Md. 1994) (holding that diversity of citizenship did not exist where plaintiff was a citizen of Maryland and defendant was a Maryland corporation).  Likewise, if either Defendant's principal place of business is determined to be Georgia, diversity of citizenship would be destroyed.  *See, e.g.,* Jerguson v. Blue Dot Inv., Inc., 659 F.2d 31, 35-36 (5th Cir. 1981) (holding that diversity of citizenship was destroyed where plaintiff was a citizen of Florida and defendant corporation's principal place of business was in Florida).

Therefore, the Court finds that the Complaint fails to satisfy the prerequisites of subject matter jurisdiction.  However, the Court is of the opinion that Plaintiff should be allowed to amend his Complaint to correct the deficiencies noted.  Accordingly, Plaintiff shall have twenty days from the date of entry of this Order in which to file an amended complaint that conforms to the findings of this Order.  Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal of Plaintiff's Complaint.

**SO ORDERED**, this the 21st day of March, 2006.

                                        **s/   Hugh Lawson**
                                        **HUGH LAWSON, JUDGE**

emd