# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

EARL HANCOCK, as Executor     :
of the Estate of Carol Cleo Hancock,    :
Deceased,                                 :
                                        :
      Plaintiff,                     :
                                        :       Civil Action No. 7:06-cv-25(HL)
      v.                               :
                                        :
ECOLAB, INC., ESTEBAN RUIZ,     :
and GELCO CORPORATION,        :
                                        :
      Defendants.                :
_____

## ORDER

Before the Court is Plaintiff and Defendants' Joint Oral Motion for a Court Determination of Discoverability of Psychiatric Records, made during a telephone conference on February 15, 2007. Defendants, Ecolab Inc., Esteban Ruiz, and Gelco Corp., assert that they are entitled to any psychiatric records that are not privileged. Plaintiff Earl Hancock agrees that any psychiatric records that are not privileged are discoverable. The parties differ on the issue of what kind of information is not privileged. Georgia law on psychiatric privilege applies in this diversity case. Fed. R. Evid. 501 (directing that in civil actions, when State law supplies the rule of decision as to an element of a claim, that State's law of privilege will apply).

The Official Code of Georgia lists the mental health communications that are privileged, including communications between patients and psychiatrists, psychologists, licensed clinical social workers, clinical nurse specialists in psychiatric/mental health,

licensed marriage and family therapists, and licensed professional counselors during the psychotherapeutic relationship. O.C.G.A. §§ 24-9-21(5) to 24-9-21(7) (1995). Privilege also extends to communications between or among any of the previously listed mental health care professionals regarding a patient's communications that are otherwise privileged by the statute. O.C.G.A. § 24-9-21(8).

Defendants' brief requests the following psychiatric records: (1) any records or information concerning communications between the patient and someone other than those mental health professionals listed in O.C.G.A. §§ 24-9-21(5) to 24-9-21(8), (2) records and information concerning the fact that treatment was rendered and the dates of the treatments, (3) records and information about court-ordered or otherwise involuntary treatment with a mental health provider or information unrelated to treatment, (4) records and information about communications made to nurses or attendants who were not acting as agents of an attending psychiatrist or other licensed mental healthcare provider, (5) records and information concerning communications with hospitals, and (6) records and information about communications disclosed to or made in the presence of third parties whose presence or involvement is unnecessary to the treatment. (Defs.' Br. at 3).

While psychiatric communications are absolutely privileged, psychiatric records are not. Plunkett v. Ginsburg, 456 S.E.2d 595, 597 (Ga. Ct. App. 1995). Any nonprivileged portions of psychiatric records are subject to discovery. Aetna Cas. & Sur. Co. v. Ridgeview Inst., 392 S.E.2d 286, 288 (Ga. Ct. App. 1990). Privileged communications include admissions and disclosures made in confidence and mental health professionals' conclusions that originated in communications between the patient

and professional.  <u>Mrozinski v. Pogue</u>, 423 S.E.2d 405, 409 (Ga. Ct. App. 1992); <u>Johnson v. State</u>, 331 S.E.2d 578, 585 (Ga. 1985).

Only communications between patients and the licensed mental health professionals listed in O.C.G.A. §§ 24-9-21(5) to 24-9-21(8) are privileged.  Therefore, Defendants are entitled to discovery of communications between the decedent and any other person.  Records and information concerning the fact that treatment was rendered and the dates of the treatments are not privileged.  <u>State v. Herendeen</u>, 613 S.E.2d 647, 651 (Ga. 2005).  Court-ordered or other involuntary psychiatric treatment is also not privileged.  <u>Id.</u>  Communications between patients and hospitals are not privileged, nor are communications with nurses who are not agents of an attending psychiatrist.  <u>Dennis v. A.N. Adcock</u>, 226 S.E.2d 292, 295 (Ga. Ct. App. 1976);  <u>Plunkett</u>, 456 S.E.2d at 597.  When communications are made to a mental health professional in the presence of a third party whose presence is not necessary to the treatment, the information is not privileged.  <u>Sims v. State</u>, 311 S.E.2d 161, 165 (Ga. 1984).

The Court, having given due consideration to the arguments of the parties, finds that Defendants are entitled to discovery of any nonprivileged psychiatric records.  Accordingly, Plaintiff is hereby ordered to disclose any nonprivileged psychiatric records or information in accordance with this order.  Specifically such disclosures shall include the following: 1) any records or information concerning communications between the patient and someone other than those mental health professionals listed in O.C.G.A. §§ 24-9-21(5) to 24-9-21(8), (2) records and information concerning the fact that treatment was rendered and the dates of the treatments, (3) records and information about court-

ordered or otherwise involuntary treatment with a mental health provider or information unrelated to treatment, (4) records and information about communications made to nurses or attendants who were not acting as agents of an attending psychiatrist or other licensed mental healthcare provider, (5) records and information concerning communications with hospitals, and (6) records and information about communications disclosed to or made in the presence of third parties whose presence or involvement is unnecessary to the treatment.

Further, any documents, communications, or other information not produced or disclosed must be identified in a privilege log prepared pursuant to Federal Rule of Civil Procedure 26(b)(5), and in a manner that will enable Defendants to assess the applicability of the mental health privilege. Plaintiff is directed to produce the records, or if the records are not to be produced, identify the same in the privilege log, not later than 30 days from the date of entry of this order. The parties are directed to work together to resolve any disagreements as to the applicability of the mental health privilege as to any documents identified in the privilege log. In the event that the parties are unable to agree as to the discoverability of any document, they should file an appropriate motion with the Court.

**SO ORDERED**, this the 20th day of March, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

eab

4