# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**EARL HANCOCK**, as Executor
of the Estate of Carol Cleo Hancock,
Deceased,

    **Plaintiff**,

v.      Civil Action No.7:06-cv-25 (HL)

**ECOLAB, INC.; ESTEBAN RUIZ**;
and **GELCO CORPORATION**,

    **Defendants**.

## ORDER

Plaintiff has filed a letter (Doc. 49) requesting clarification from the Court with respect to an Order entered March 20, 2007. The Court will treat Plaintiff's letter as a Motion for Clarification.

In the Order of March 20, 2007, the Court directed Plaintiff to disclose nonprivileged mental health records, including, among other things, "records and information concerning the fact that treatment was rendered and the dates of the treatments" and "records and information about court-ordered or otherwise involuntary treatment with a mental health provider or information unrelated to treatment." (Order of 03/20/07 at 3-4.) In reaching its decision, the Court relied, in part, on the decision of the Supreme Court of Georgia in State v. Herendeen, 613 S.E.2d 647 (Ga. 2005).

In his Motion, Plaintiff states his understanding of the Court's Order and the decision

in Herendeen, as it pertains to the application of Georgia's mental health privilege, and concludes that "only records of involuntary mental health examinations are privileged, rather than records of actual mental health treatment received in an involuntary context." (Doc. 49 at 1.) Plaintiff then states that it is his intention to produce mental health records in accordance with this understanding of Herendeen. (Id.) However, Plaintiff asks that the Court advise him if it intended a different result in its Order of March 20, 2007. (Id.)

In Herendeen, the court reaffirmed the importance of protecting confidential mental health communications from disclosure. Herendeen, 613 S.E.2d at 650. The court also restated the general rule that in order to invoke the privilege in Georgia, a relationship of patient and mental health provider must have existed. Id. The court noted, therefore, that certain mental health records are not protected by the privilege because no relationship existed that would serve to invoke the privilege. Id. By way of example, the court stated, "The requisite professional relationship does not exist when the mental health provider is appointed by the court to conduct a preliminary examination to evaluate a person's mental state because, in such a situation, mental health treatment is not given or contemplated." Id. (citing Kimble v. Kimble, 239 S.E.2d 676 (Ga. 1977)).

The court stressed in Herendeen that it was not the involuntary nature of the procedure that excluded the examination from the privilege. Rather, it was "the lack of mental health treatment or contemplation thereof" that precluded the existence of the privilege. Id. The court concluded, therefore, that even court-ordered or involuntary mental health interactions can be covered by the privilege if a professional relationship is formed or treatment is given.

2

(Id.) The court added, however, that "the *fact* of employment of or treatment by a mental health provider and the dates thereof do not fall within the mental health privilege and may be disclosed." Id. at 651.

After reconsideration of the reasoning expressed by the Supreme Court of Georgia in Herendeen, the Court agrees with Plaintiff that clarification of its Order of March 20, 2007, is appropriate. Specifically, insofar as the Order directs Plaintiff to disclose "records and information about court-ordered or otherwise *involuntary treatment* with a mental health provider or information unrelated to treatment" (Order of 03/20/2007 at 3-4, emphasis added), clarification is warranted: Even *involuntary treatment* may be protected by the mental health privilege. Accordingly, Plaintiff will not be required to disclose information about court-ordered or involuntary interactions if those interactions resulted in the existence of a relationship between Plaintiff and a mental health provider such that mental health treatment was given or contemplated. Involuntary examinations in which no treatment was rendered or contemplated are not subject to the mental health privilege and, therefore, must be disclosed. Additionally, the fact of employment of or treatment by a mental health provider, and the dates thereof, whether voluntary or not, must be disclosed.

In the event that Plaintiff has failed to disclose information that, consistent with this clarification, would be subject to disclosure, Plaintiff shall have ten days from the date of entry of this Order in which to provide such information to Defendants. Any information not disclosed because it pertains to mental health treatment, even in an involuntary context, and not already identified in a privilege log, must be identified in a privilege log prepared

3

pursuant to Federal Rule of Civil Procedure 26(b)(5). Such identification must be made not later than ten days from the date of entry of this Order.

**SO ORDERED**, this the 10th day of May, 2007.

**s/ Hugh Lawson**
**HUGH LAWSON, JUDGE**

mls